Hitchcock, J.,
delivered the opinion of the court:
From the manner in which this case is submitted to the court, two questions present themselves for consideration ; and from the view we take of the subject, these two questions alone are necessary to be decided:
1. From the circumstances disclosed, was it proper for the commissioner of insolvents to require of Johnson a bond; or, if a bond-was required, was it proper to require a bond in the sum specified-in the case before the court ?
2. If it was proper for the commissioner to require such a bond is the condition in conformity with the law?
Both these questions are involved in considerable difficulty, audit has not been without much labor that the court have been able to arrive at a satisfactory conclusion with respect *to them. This difficulty grows out of the loose phraseology of the act for-the relief of insolvent debtors.
Section 7 authorizes any person desirous of having his body-exempt from liability to imprisonment for debt, who shall have-resided two years in the state, and six months within the county where the application is made, to apply for the relief specified in the act. -29 Ohio St. 330. Section 8 refers to those who are in-custody of the sheriff, upon civil process, and authorizes them,, whether residents of the state or not, to make a similar application. It is unnecessary here to be more specific as to th e course of proceeding. It will be remembered, however, that when Johnson made application to the commissioner, he was in the custody of the sheriff, and of course within the letter of section 8. By Bection 14, applicants under section 7 are required to give bond to the commissioner, with surety to his acceptance, in any sum *240 required by him, not less than two hundred dollars, conditioned as in that section prescribed. In section 17 it is provided, “ that-the commissioner may give such certificate as is hereinafter provided for, to any person, who, being in the custody of an officer, shall have made application to him, in the manner provided in section 8 of the act, without requiring any bond of such applicant ; if the commissioner shall be satisfied that the applicant has no property of any kind; where said applicant shall have complied with the foregoing provisions of the act, or the commissioner may require the applicant to give bond with surety, in the manner provided in section 13, in any sum not exceeding one hundred dollars, conditioned as is provided in said section.” These, it is believed, are the only parts of the law requiring bonds upon the> first application. It is not a little singular that, in this section, reference should be made to the 13th, as specifying the manner of giving bonds. Section 13 is upon a subject entirely different.. It relates to the form of the oath to be made before the commissioner, when application is made under section 8. It should have reference to section 14, and we must so consider it, if we would carry into effect the provisions of the law.
Take this section 17 literally, and it authorizes the commissioner, where the applicant is in custody, and “has no property of any kind” to require of that individual a bond with security, before he gives him a certificate; while, if he has ^property, the commissioner can neither require of him a bond, nor can he give him a certificate. Or, perhaps, it would be more proper to say,, that if the individual “ had no property,” the commissioner might retain him in custody until he should give the bond; but if he had property it would be the duty of that officer to give him the certificate without bond, relying upon his own personal responsibility, and his naked promise to comply with the other requisitions of the act.
Such could never have been the intention of the law. It would be absurd. And a careful examination of the section will show that such could not have been the design of the legislature. In this section the legislature proceed upon the hypothesis that by the several provisions of the law, all applicants are required to give bonds. And here they extend to a particular class of debtors a privilege. Where the debtor “ has no property of any kind,” it is discretionary with the commissioner to give him a certificate,, *241 without requiring any bond. But if he does require any, it shall be in a sum not exceeding two hundred dollars. This section was evidently intended to apply only to this class of creditors.
There is no other way to carry into effect the manifest intention of the legislature, than by supposing that all cases of application under the act are covered by the provisions of section 14, and by giving to section 17 the effect to exempt particular cases from these general provisions. It does not appear that Johnson was of that class of debtors provided for in this section, and, therefore, it was proper for the commissioner to take from him a bond, with security, in such amount as to him seemed proper, provided the sum was “not less than two hundred dollars.” No objection to this bond can be sustained, on the ground that it was taken in an improper state of case, or that the penalty is too great in amount.
The next question to be considered is, whether the condition is ■•in conformity with the law.
In section 14 of the law already referred to, it is required that the bond given to the commissioner, and which shall, in all cases, be in a sum not less than two hundred dollars, shall be “ conditioned that such applicant shall appear in the court of common pleas of the county, at such time as the commissioner shall return copies to said court, as hereinafter provided, and that the said applicant shall then and there pay *the costs of his application, and, in all respects comply with the requisitions of this act.” 29 Ohio Stat. 331.
It is true that the condition of the bond, in the case under eon- • sideration, is not literally according to the form prescribed in the , statute, but if it is substantially the same it is sufficient. 1 Ohio, 170; 3 Ohio, 103. Inasmuch, however, as this bond is one required by the statute, if the condition varies from the statute, by imposing upon the obligors anything more onerous than is required by the statute, then the bond is void, and can not bo enforced. This we take to be a well-settled principle of law. At least it can not be enforced as a statutory bond. Whether it could be as a common law bond, we do not now undertake to decide.
Let us, then, take this condition and compare it with the condition required by the statute in similar cases. This bond is conditioned, in the first place, that the “above-named Joseph Johnson •will be and appear before the court of common pleas on the 29th -day of April next.” The corresponding part of the condition *242 .specified in the statute is, “ that the applicant shall appear in the • court of common pleas of the county at such time as the commis- . sioners shall return copies to the said court.” Is here any ma-f - terial variance? By section 26 of the before-cited act, it is made • the duty of the commissioner to return copies of the several schedules, etc., on or before the first day of the next term of the-court of common pleas of the proper county, provided fifteen-days intervene between the day of making the application and-the term of the court.
The application, in this case, was made on the 12th day of February, and the next succeeding term of the court of common pleas commenced on the 29th day of the next succeeding April. Here was the intervention of the fifteen days. And it was the duty of the commissioner to return his copies on or before the 29th d.ay of April. On this day the applicant could be bound by law to appear before the court. The only variance between the condition of this bond and that prescribed is, that by the condition of the bond a particular day is specified on which the applicant is to appear before the court, which is the very day on or before which the commissioner was, by law, bound to return his copies-; whereas, the condition prescribed by statute is, that the applicant should appear in the court of common pleas “at such time *as the commissioner should return copies to said court.” There is, in this part of the condition, no variance. 3 Ohio, 103.
The condition then proceeds, “and then and there file his petition, and make application to said court for a final certificate of his insolvency and obtain the same.” By the condition specified in the statute the applicant is to “ file his petition,” but nothing is said in express terms about his applying for a final certificate or obtaining the same, although a part of the condition therein set forth is, that “ he shall, in all respects, comply with the requisitions of the statute.” The great, the leading object of the whole proceeding is to obtain a final certificate. For this purpose the petition is filed, and if “the requisitions of the statute” are complied with a certificate will be obtained. And there can be no doubt that if the applicant fail to obtain this final certificate, a bond, conditioned precisely in the words of the law, would be forfeited. The only difference, then, between the condition in the bond and that set forth in the statute, so far as this part of the *243 /condition is concerned, is, that in the former, particular acts to be performed áre stated; acts which the law requires to be performed; while in the latter, the condition is general. He shall, “in all respects, comply with the requisitions of the statute.” In this part of the condition there is no substantial variance.
The condition next proceeds, “and pay the costs of this appli■cation, and answer the said court such other questions as may be put to him touching his insolvency, and abide the order of the •court, and not depart without leave.” This is substantially like the statute, and so far, if the condition specified in the bond is not in the words of the law, the legal effect is the same, and, of course, there is no material variance.
But there is still, superadded to the condition of the bond in this case, a further clause, to which there is nothing in the statute •corresponding. It is in these words, “ or deliver up his body into the custody of the sheriff of said county in case of a failure to •obtain a final certificate.” A clause like this was required by the insolvent law of 1821, but is not by the law of 1831, now in force. If this clause adds anything to the duty of the obligors; if it makes it more difficult for them to perform their undertaking, the bond is void, and payment *of the penalty can not be enforced. It will be observed that this part of the condition is in the alternative. Expunge this clause, and in order to save the penalty of thebond, it would have been necessary for Johnson, the applicant, to have complied with all the requisitions of the law, and to carry into effect his application by procuring a final certificate. Such, too; would have been the case had the condition of the bond been in words like the condition prescribed in the statute. But retain the clause and the penalty of the bond might have been saved, although the requisitions of the law had not been complied with. It would be at the option of Johnson either to comply with these requisitions, or in failure thereof, to surrender himself into the custody of the sheriff of the county. In either event the bond would have been saved. I am aware that it is urged by the defendant’s counsel that the sheriff would here have no power to retain him in custody. If it be so, and we are not disposed to controvert the position, it makes the case still stronger .against the defendants. Johnson might have delivered himself into the custody of the sheriff, and if that officer had no authority to detain him, he must have gone at large. Still, the alternative *244 ¡part of the condition would have been complied with and the ■bond saved. This superadded clause, then, was altogether more ¡favorable to the obligors than would have been the condition ’without it, and it would be unjust to permit them to avail them¡selves of the fact of its introduction to defeat the bond itself.
. In the opinion of the court, it was proper for the commissioner •of insolvents to require a bond upon the application of Johnson; •and further, that the bond which was by him taken is obligatory upon the obligors. And inasmuch as Johnson neither complied with the requisitions of the law, for the relief of insolvent debtors, nor surrendered himself to the custody of the sheriff, according to the condition of the bond, judgment must be entered against the defendants for the penalty of the bond.